UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                               Case No. 808-74607-reg

NORMAN RIJO,

                                               Chapter 7

                   Debtor.
----------------------------------------------------------------x
JPMORGAN CHASE BANK, N.A.,

                   Plaintiff,

                                               Adv. Proc. No. 09-8559-reg

    vs.

NORMAN RIJO,

                   Defendant.
----------------------------------------------------------------x

## MEMORANDUM DECISION
(Re: Motion to Reconsider)

        Before the Court is a motion by the Debtor/Defendant, Norman Rijo ("Debtor"), pursuant to Fed. R. Civ. P. 60(b)(6), to vacate this Court's Order and Judgment striking his answer and entering default judgment against him in the amount of $336,348.22 ("Default Judgment"). The Default Judgment was entered on June 11, 2010. The instant motion was filed on June 10, 2011.

        The Court is guided in this matter by the principal firmly established in case law and the federal rules of procedure that final judgments should not be vacated unless the movant can show "exceptional circumstances" warranting such vacatur. The Debtor seeks to reopen this adversary proceeding and vacate the Default Judgment long after the time to appeal expired. Throughout the litigation the Debtor was represented by counsel who appeared before this Court on his behalf. Based upon the record and the testimony at the evidentiary hearing on this matter, the Court finds that the Debtor made a conscious decision not to continue to defend this litigation,

and in fact agreed that his counsel should inform the Court of his intent to default. The Debtor now disputes that it was his desire to default. However, in either circumstance the Debtor at the very least acquiesced in the default and did not take any action to preserve his rights to appeal this matter in a timely fashion. Rule 60(b) cannot be used as a substitute for a timely appeal on the merits. Absent a showing that the Debtor's counsel actually or constructively "disappeared" from this case despite the Debtor's diligent efforts to protect his interests, the alleged ineffective assistance of counsel cannot be used as a basis to vacate a final judgment under Rule 60(b)(6). Finally, unless some other valid basis exists to vacate the Default Judgment, the existence of an alleged meritorious defense is not a basis to vacate a default one year after its entry and permit re-argument.

For the reasons that follow, the Debtor's motion will be denied.

### *Facts*

The Debtor filed a voluntary chapter 7 petition on June 23, 2009 with the assistance of counsel, Macco & Stern, LLP. On that same day, the Debtor's business, NCI Construction, Inc. ("NCI"), also filed chapter 7 represented by Macco & Stern. The Debtor's business partner, Andrew DiMarco ("DiMarco"), had previously filed a chapter 13 petition on May 18, 2009, which was subsequently converted to chapter 7.[1]

On August 26, 2009, JPMorgan Chase Bank, N.A. ("Plaintiff"), filed a motion to examine the Debtor pursuant to Fed. R. Bankr. P. 2004. In the 2004 motion, the Plaintiff sought

---

[1]        DiMarco's case was assigned to another Judge of this Court.

to examine the Debtor and review documents surrounding a 2007 loan made by the Plaintiff to NCI, and guaranteed by the Debtor and DiMarco. Specifically, the Plaintiff alleged that there were material misstatements made in the loan application, as well as millions of dollars subsequently diverted away from NCI. The motion was granted by Order, dated October 20, 2009, and subpoenas were served on the Debtor on October 23, 2009. The Plaintiff deposed the Debtor on November 20, 2009, but according to the Plaintiff the Debtor did not produce any documents in response to the Rule 2004 Order. Due to the failure to produce documents, at the deposition the Plaintiff reserved its right to continue the deposition at a later date. Despite repeated request for compliance, the Plaintiff claims that the Debtor never complied with document discovery. The Debtor claims that he turned over all of the documents in his possession, but that the relevant records are in a storage facility which he does not have access to due to unpaid storage fees.

On November 25, 2009, the Plaintiff filed the instant complaint objecting to dischargeability of its debt pursuant to section 523(a)(2) and (a)(4). In the complaint, the Plaintiff alleged that the Debtor and NCI obtained the loan from the Plaintiff through fraud by providing false financials in connection with the loan application. On December 23, 2009, the Debtor, with the assistance of counsel, filed an answer with counterclaims denying the allegations of the complaint and making a demand for fees, costs and attorney's fees pursuant to 11 U.S.C. §523(d).

On March 15, 2010, Macco & Stern moved to withdraw as the Debtor's counsel in this adversary proceeding ("Motion to Withdraw"). Counsel indicated that the Debtor no longer wished to be represented by them and it was their desire to withdraw as his counsel.

On March 30, 2010, the Plaintiff filed a motion for an order to strike the Debtor's answer and counterclaims and enter default judgment in favor of the Plaintiff due to the Debtor's failure to comply with the Rule 2004 Order and Rule 26(a) disclosures, or alternatively, to compel the Debtor to comply with discovery ("Motion to Strike").

At the April 28, 2010 hearing on the Motion to Strike and the Motion to Withdraw, Macco & Stern appeared as the Debtor's counsel of record. The Debtor did not appear. At the hearing, the Debtor's counsel represented to the Court that his office contacted the Debtor to appear at the hearing by leaving voice messages on two phones. Counsel advised the Court that the Debtor "has not been very cooperative" and was inclined to default in the adversary proceeding. (Transcript "Tr." 4/18/10 at 4-5). At that time, the Court gave the Debtor "one last chance" to participate in the proceedings. The Court directed him to produce documents and appear for examination in response to the Rule 2004 Order, and appear at an adjourned hearing to be held on June 7, 2010. The Court adjourned the Motion to Withdraw.

The Debtor did not appear at the June 7th hearing. The Debtor's counsel did appear and advised the Court that the Debtor did not intend to comply with the Rule 2004 Order and wished to default in the adversary proceeding. The Plaintiff's Motion to Strike was granted and the Plaintiff's counsel was directed to submit judgment against the Debtor. The Motion to Withdraw was adjourned to July 7, 2010, but on July 6, 2010 the Debtor's counsel withdrew that motion.[2]

---

[2]    An attorney from Macco & Stern testified that the motion was withdrawn because of their belief that the Court would not permit them to withdraw as counsel in the adversary proceeding without also seeking to withdraw as counsel in the underlying bankruptcy case. Counsel testified that they intended to continue to represent the Debtor in connection with the bankruptcy case and thus withdrew their motion to be relieved as counsel in the adversary proceeding. Tr. 9/27/11 at 85-86.

On June 11, 2010, an Order and Judgment was entered striking the Debtor's answer and counterclaims and granting the Plaintiff a non-dischargeable judgment against the Debtor in the amount of $336,348.22 ("Default Judgment"). On June 13, 2010, notice of entry of the Default Judgment was served upon the Debtor at his address listed in the bankruptcy petition. The Default Judgment was not appealed and became final on or about June 25, 2010. The adversary proceeding was closed on September 22, 2010, and on July 28, 2011 the bankruptcy case was closed.

On June 10, 2011, the Debtor, represented by new counsel, filed the instant Motion to Reconsider the Default Judgment pursuant to Fed. R. Civ. P. 60(b)(6). The Debtor raises a myriad of issues: (1) the Rule 2004 Order should not have been pursued or enforced after the commencement of the adversary proceeding. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); (2) the Debtor was not in possession of documents responsive to the Plaintiff's Rule 2004 subpoena; rather they were at a locked storage facility to which the Debtor did not have access and/or the relevant documents were in the possession of the chapter 7 trustee of the NCI bankruptcy estate; (3) Default Judgment should not have been entered against the Debtor without the Plaintiff first proving a *prima facie* case, and damages not fixed until after an inquest; (4) DiMarco, a co-obligor, successfully defended identical allegations on the merits in his bankruptcy case, and the Debtor should be permitted to assert his meritorious defenses as well; (5) the Debtor received ineffective assistance of counsel in this litigation; and finally (6) the Debtor did not instruct his counsel to default in this litigation.

The Debtor explained that he was aware of the April 28th and June 7th hearings, but was unable to attend the first hearing because he had to travel out of town with his wife to visit her ill

father, and he believed that he was "adequately represented" by his attorneys. He further

explained that he could not attend the June 7th hearing because he had a job interview in

Manhattan which could not be rescheduled. According to the Debtor he did not understand the

consequences of the Plaintiff's debt being declared non-dischargeable and did not understand the

importance of appearing at the hearings. Based upon the foregoing, the Debtor seeks to vacate

the Default Judgment under Rule 60(b)(6), the catch-all provision which permits the Court to

grant relief from a final judgment for "any other reason that justifies relief."

The Plaintiff opposes the Motion to Reconsider, and argues that the Debtor has not given

any reasonable excuse for his default in this litigation, or his one-year delay in seeking to

reconsider which delay would greatly prejudice Plaintiff's position. The Plaintiff also argues that

the Debtor's failure to defend himself during the pendency of the adversary proceeding precludes

reconsideration of the Default Judgment.


### Discussion

The Debtor has moved to vacate the Default Judgment pursuant to Fed. R. Civ. Proc.

60(b)(6), which is made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P.

9024. Rule 60(b)(1) through (5) sets forth specific grounds for relief from an order or judgment.

The Rule provides that "[o]n motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; . . ." The Debtor does not seek relief under subsections (1) through (5), but rather is moving under the catch-all provision of Rule 60(b)(6) which allows the Court to vacate a judgment or order for "any other reason that justifies relief." Rule 60(c) requires a motion under Rule 60(b)(6) to be made within a "reasonable time."

Relief from a final judgment under Rule 60(b)(6) is only appropriate when the grounds for relief are not addressed in Rule 60(b)(1) through (5), and when the movant can show "exceptional circumstances" justifying relief. *See, e.g., Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). The decision to grant relief under Rule 60(b) is left to the sound discretion of the trial court, which must "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d at 61; *Critical Care Support Servs. v. U.S. (In re Critical Care Support Servs.)*, 236 B.R. 137, 141-42 (E.D.N.Y. 1999). Arguments that the court misapplied or misconstrued the law or the facts are properly made under Rule 60(b)(1), but that section may not be used as a substitute for a timely appeal or motion for reconsideration. *See* Fed. R. Bankr. P. 9023; Fed. R. Civ. P. 59; *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) ("[N]othing in the Rule, the cases, or the treatises suggests that a motion for relief from judicial error more than eight months after the entry of judgment is made 'within a reasonable time' as the Rule requires. 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'").

Although the Debtor specifically relies on Rule 60(b)(6), his arguments in favor of vacating the Default Judgment fall into three categories which include consideration under Rule

60(b)(1):  (1) alleged mistakes of law and fact made by the Court, (2) alleged ineffective

assistance of counsel, (3) alleged meritorious defenses which equity should permit him to assert.

To the extent the Debtor argues that the Court should vacate the Default Judgment because of

this Court's mistake of law or fact, the Motion to Reconsider should be analyzed under Rule

60(b)(1).  *See Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 34-35 (2d

Cir. 2003).  However, the law in the Second Circuit is clear that a motion under Rule 60(b)(1) for

mistakes of law or fact is not a substitute for a timely appeal, and such motions must be made

within the time to appeal.  *See 310 Assocs.*, 346 F.3d at 35 (citing *Schildhaus v. Moe*, 335 F.2d

529 (2d Cir. 1964)).  The Debtor's Motion to Reconsider, made one year after the Default

Judgment was entered, falls far outside of the time to appeal.  If the Debtor believed that this

Court made an error of law or fact when it granted default judgment in favor of the Plaintiff, the

time to raise those issues was during the time period allowed for filing an appeal.  The Debtor

chose not to pursue his rights to a timely appeal and the Motion to Reconsider must be denied on

those grounds.

To the extent the Debtor argues that the Court should vacate the Default Judgment under

Rule 60(b)(6) due to the ineffective assistance of counsel, it also must be denied.  In this Circuit,

the standard to vacate a final judgment based upon alleged errors of counsel requires the movant

to prove by "highly convincing" evidence the actual or constructive "disappearance" of counsel

from the case and diligence on the part of the movant/client.  *See D'Angelo v. State Farm Fire &*

*Cas. Co.*, 32 Fed. App'x 604 (2d Cir. 2002); *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977);

*Cobos v. Adelphi University et al*, 179 F.R.D. 381, 388 (E.D.N.Y. 1998) (even if mishandling of

case stemmed from counsel's mental illness, "client diligence must still be shown").  Deliberate

tactical decisions and miscalculations by counsel and/or client cannot be redressed under Rule

60(b)(6). *See Tolkin v. Pergament*, No. 11 CV 3467, 2012 WL 1132475, at *9 (E.D.N.Y. March

31, 2012) (citing *AL & LP Realty Co.*, 164 B.R. 231, 234 (Bankr. S.D.N.Y. 1994)).  To grant

relief from a final judgment under Rule 60(b)(6) for ineffective assistance of counsel "would

open the floodgates to such motions, and the Second Circuit has 'consistently indicated a

reluctance to ... accept the proposition that when counsel's conduct shows gross negligence relief

to a client may be afforded under Rule 60(b)(6).'" *Critical Care Support Servs. v. U.S. (In re*

*Critical Care Support Servs.)*, 236 B.R. 137, 143 (E.D.N.Y. 1999).  According to the Second

Circuit,

> [t]he catch-all provision [of Rule 60(b)(6)] does not permit relief to a client whose
> counsel has shown gross negligence absent a showing of exceptional
> circumstances, such as a mental disorder, or to a party who has made deliberate
> tactical decisions that do not stem from such a mental disorder. An attorney's
> misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of
> "constructive disappearance" or a similar inability to provide adequate
> representation. *See United States v. Cirami*, 563 F.2d 26 (2d Cir.1977); *Nurani v.*
> *Marissa by GHR Industries*, 151 F.R.D. 32 (S.D.N.Y.1993). Material offered in
> support of a motion to vacate under Rule 60(b)(6) must be highly convincing
> material. *See Cirami*, 563 F.3d at 33.

*D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. App'x at 605; *Vindigni v. Meyer*, 441 F.2d

376, 377-78 (2d Cir. 1971) (vacating dismissal for failure to prosecute where counsel had

"disappeared" during the case, and remanding for findings as to the movant's diligence in

attempting to locate attorney).

    In his Affidavit in support of the Motion to Reconsider, the Debtor states that he "was in

constant communication with Macco & Stern through this adversary proceeding," but that

counsel advised him that defending the litigation would be an "uphill battle" and "very

expensive." According to the Debtor, he had no means to pay Macco & Stern the $15,000 they demanded to represent him in the adversary proceeding. The Debtor states that he "did not fully understand the import of defending this action, or the effect of" having this debt declared nondischargeable. Despite his admission that he did not have the means to defend himself in this litigation, the Debtor maintains that he never intended to default in this action. During his testimony, the Debtor admitted that he never tried to find substitute counsel, Tr. 9/27/10 at 40, despite the fact that he disagreed with his counsel's assessment that defending this action would be an uphill battle.

Contrary to the Debtor's affidavit and testimony, the Debtor's counsel testified that it was never the Debtor's intention to defend this litigation. Counsel testified that he sent the Debtor a letter after the April 28th hearing advising him that the Court directed him to produce documents and appear for deposition and failure to do so would result in the Court striking his answer and entering default judgment against him.[3] According to counsel, the Debtor's response was that he would not produce the documents or appear for further deposition. Tr. 9/27/11 at 67. Counsel also testified that despite the entry of the Default Judgment, Macco & Stern continued to represent the Debtor in this matter, without any additional retainer, attempting to work out a settlement with the Plaintiff. Tr. 9/27/11 at 87-88.

The Debtor has not sustained his very high burden to vacate the Default Judgment based upon the ineffective assistance of counsel, including his argument that counsel misrepresented his intent to default. Essentially, the Debtor's position is that he did not want to default in this

---

[3]    The Debtor claims that he did not receive this correspondence from Macco & Stern, but admits that they had a conversation about the letter and was aware of its contents. Tr. 9/27/11 at 121-123.

litigation, but he felt he had no other choice because his counsel advised him it would be a difficult fight that would cost money that he did not have. While the Court did not find the Debtor's testimony credible on this issue even assuming the Debtor's version of the facts were true, this does not constitute the "exceptional circumstances" contemplated by the Rule or applicable Second Circuit caselaw. The Debtor did not prove nor even allege that his counsel "disappeared" from this case. Nor did he prove that he himself was diligent in pursuing his rights in this case. According to Second Circuit precedent both elements must be proven. The Debtor was aware of the Default Judgment and chose not to appeal and cannot succeed in vacating a final judgment based on these facts. If, indeed, the Debtor believes his counsel failed in their representation of him the Debtor may have recourse against counsel, but not in this Court and his remedy certainly is not vacating a final judgment entered one year prior to his seeking to reconsider.

The existence of an alleged meritorious defense also does not provide a basis to vacate a final judgment. The Debtor appears to have been encouraged by his business partner's success in another court in defending identical claims by this Plaintiff. However, Rule 60(b) does not afford a litigant the benefit of hindsight. *See Tolkin v. Pergament*, 2012 WL 1132475, at *9-10 (finding that "hindsight assessment" is not a basis to set aside stipulation of settlement and resulting judgment against movant). The Court finds that the Debtor's default in this matter was knowing and deliberate and he cannot and should not be relieved from the consequences of such default. The Debtor was afforded all of the rights and protections provided by the law and that is all any litigant can expect.

### *Conclusion*

For all of the foregoing reasons, the Debtor's Motion to Reconsider will be denied.  An

Order consistent with this Memorandum Decision will issue forthwith.


Dated: Central Islip, New York
       April 16, 2012

                              */s/ Robert E. Grossman*
                              Hon. Robert E. Grossman, U.S.B.J.